(13)

FILED

DEC 29 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 09-25700-A-7 |
| CAROL COBB, | |
| Debtor. | |
| HANK SPACONE, Trustee, | Adv. No. 09-2461 |
| Plaintiff, | |
| vs. | |
| AURORA LOAN SERVICES, et al., | Date: December 21, 2009 |
| | Time: 9:00 a.m. |
| Defendant. | |

**MEMORANDUM**

Plaintiff Hank M. Spacone, the trustee of the bankruptcy estate of Carol Christi Cobb, has filed a complaint alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. (the "TILA"), against Defendant Deutsche Bank Trust Company

Americas as Trustee for RALI 2007-QH9; the Rosenthal Fair Debt Collections Practices Act, California Civil Code § 1788, et seq. (the "RFDCPA"), against Defendant Aurora Loan Services LLC; and the Unfair Practices Act, California Civil Code § 17200, et seq., against both Defendants.

The Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion will be granted.

The genesis of the complaint is a July 1, 2007 home loan between BrooksAmerica Mortgage Corporation and the debtor. Complaint ¶ 22. Deutsche Bank serves as trustee for the trust that now owns the loan. Complaint ¶ 37. Aurora is the servicer for the trust. Complaint ¶ 80. By letter dated December 16, 2008, the Debtor notified the Defendants of her intent to rescind the loan. Complaint ¶ 32; Exhibit B. In the same letter, the Debtor advised the Defendants of her rights under the RFDCPA and stated she has "no intent of paying on the debt any further and she wishes that all communications cease in relation to the debt except in the form of a written response to the request contained in this letter or those allowed per the statute." Complaint ¶ 82; Exhibit B.

On March 30, 2009, the Debtor filed a voluntary chapter 7 petition. Complaint ¶ 2. On July 16, 2009, the Debtor received a discharge under 11 U.S.C. § 727. Complaint ¶ 63.

## I. Legal Standard

Fed Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012(b)(6), permits a party to assert that a claim for relief "fails to state a claim upon

1 which relief can be granted." FED. R. CIV. P. 12(b)(6).

2       Rule 12(b)(6) "does not countenance . . . dismissals based
3 on a judge's disbelief of a complaint's factual allegations."
4 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  However, in order
5 to survive a Rule 12(b)(6) motion, the complaint must contain
6 "enough facts to state a claim for relief that is plausible on
7 its face" rather than merely conceivable.  Bell Atlantic Corp. v.
8 Twombly, 550 U.S. 544, 570 (2007).  "[W]here the well-pleaded
9 facts do not permit the court to infer more than the mere
10 possibility of misconduct, the complaint has alleged – but it has
11 not 'show[n]' – 'that the pleader is entitled to relief."
12 Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950(2009) (quoting FED. R.
13 CIV. P. 8(a)(2)).

14       In general, the court, when ruling on a motion to dismiss,
15 must disregard facts that are not alleged on the face of the
16 complaint or contained in documents attached to the complaint.
17 Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).  An
18 exception to the rule exists, however, where the "plaintiff's
19 claim depends on the contents of a document, the defendant
20 attaches the document to its motion to dismiss, and the parties
21 do not dispute the authenticity of the document."  Id.

22                          II. TILA Claim

23 A. Notice of Right to Cancel

24       15 U.S.C. § 1635(a) provides in pertinent part that "in the
25 case of any consumer credit transaction . . . in which a security
26 interest . . . is or will be retained or acquired in any property
27 which is used as the principal dwelling of the person to whom
28 credit is extended, the obligor shall have the right to rescind

                                -3-

1 │ the transaction until [the later of] midnight of the third
2 │ business day following the consummation of the transaction or the
3 │ delivery of the . . . rescission form[] required under this
4 │ section."  The consumer's written acknowledgment of receipt of
5 │ the right to rescind form creates a rebuttable presumption that
6 │ it was delivered.  See 15 U.S.C. § 1635(c).

7 │    12 C.F.R. § 226.23(b)(1), promulgated pursuant to 15 U.S.C.
8 │ § 1635, specifies, among other things, that the consumer receive
9 │ two copies of the right to rescind form which must "clearly and
10 │ conspicuously disclose . . . the date the rescission period
11 │ expires."

12 │    15 U.S.C. § 1641(a) provides in pertinent part that "any
13 │ civil action for a violation of this subchapter . . . which may
14 │ be brought against a creditor may be maintained against any
15 │ assignee of such creditor[.]"  Here, Deutsche Bank, as trustee
16 │ for the trust that now owns the Debtor's loan, is the assignee of
17 │ BrooksAmerica Mortgage Corporation.  Complaint ¶ 35.

18 │    The Plaintiff alleges that the Debtor never received the
19 │ right to rescind form.  Complaint ¶¶ 40-42.  Exhibit C to the
20 │ Complaint is the Notice of Right to Cancel (the "Plaintiff's
21 │ Notice") that the Plaintiff alleges the Debtor actually received.
22 │ The Plaintiff's Notice meets the requirements of 12 C.F.R. §
23 │ 226.23(b)(1), except that it does not specify the date of the
24 │ underlying transaction.

25 │    Exhibit 1 to the motion is a Notice of Right to Cancel (the
26 │ "Defendants' Notice").  The Defendants' Notice is identical to
27 │ the Plaintiff's Notice, except that it is signed by the Debtor
28 │ and dated July 1, 2007.  By her signature, the Debtor

-4-

1  acknowledged that she received two completed copies of the
2  Defendants' Notice.  The Defendants' Notice does not specify the
3  date of the underlying transaction, but it does identify July 1,
4  2007, as the date the Debtor received notice of her right to
5  cancel.  The Debtor acknowledged by her initials the July 1,
6  2007, date.

7      The Defendants' Notice creates a presumption that the right
8  to rescind notice was delivered.  See 15 U.S.C. 1635(c).  Even
9  though the Defendants' Notice is not part of the complaint, the
10  Plaintiff concedes its authenticity.  Complaint ¶ 47.  The court
11  therefore will consider that Notice when adjudicating this
12  motion.  See Knievel, 393 F.3d at 1076.

13      Despite conceding the adequacy of the Defendants' Notice,
14  the Plaintiff maintains that he can still rebut TILA's
15  presumption of delivery.  Complaint ¶ 48.  He alleges that the
16  Debtor was not given two copies of the right to rescind form as
17  TILA requires.

18      The court concludes that this naked allegation is not enough
19  to state a claim upon which relief may be granted in the face of
20  the Plaintiff's acknowledgment that the Defendants' Notice is
21  adequate on it face, is signed by the Debtor, and acknowledges
22  her receipt of the required copies.  In light of these additional
23  facts, the Plaintiff's allegation of non-receipt does not permit
24  the court to infer "more than the mere possibility of
25  misconduct,"  Iqbal, 129 S.Ct. at 1950.

26      The Plaintiff cites three cases - Gonzalez v. Wells Fargo
27  Bank, 2009 WL 3572118 (N.D. Cal. October 29, 2009), Hawaii
28  Community Federal Credit Union v. Keka, 11 P.3d 1 (Haw. 2000),

-5-

and <u>Stone v. Mehlberg</u>, 728 F. Supp. 1341 (W.D. Mich. 1989) - for the proposition that a debtor's affidavit or other sworn testimony averring non-delivery is sufficient to overcome the 15 U.S.C. § 1635(c) delivery presumption.  However, none of these cases involved a motion to dismiss a complaint.

The court is more persuaded by those courts within the Ninth Circuit that have granted motions to dismiss on facts identical, or nearly identical, to the relevant facts here.  <u>See</u>, <u>e.g.</u>, <u>Balderas. V. Countrywide Bank, N.A.</u>, 2009 WL 4783142 (S.D. Cal. Dec. 10, 2009); <u>Ozuna v. Home Capital Funding</u>, 2009 WL 4544131 (S.D. Cal. Dec. 1, 2009); <u>Curcio v. Wachovia Mortg. Corp.</u>, 2009 WL 3320499 (S.D. Cal. Oct. 14, 2009); <u>Burgueno v. GMAC Bank</u>, 2009 WL 2219282 (D. Ariz. July 23, 2009); <u>Quintos v. Decision One Mortg. Co., LLC</u>, 2008 WL 5411636 (S.D. Cal. Dec. 29, 2008).

B. Obligation to Tender

15 U.S.C. § 1635(b) requires a creditor, within 20 days after receipt of a notice of rescission, to "return to the obligor any money or property given as earnest money, downpayment, or otherwise."  The obligor, in turn, must then tender any property given him by the creditor.  <u>Id.</u>  These procedures may be varied by court order.  <u>Id.</u>

In the Complaint, the Plaintiff alleges he is not required to make this tender because the Defendants failed to file a motion to modify the rescission process under 15 U.S.C. § 1635(b).  Complaint ¶ 65.  As a result, the Defendant's debt was discharged in bankruptcy on July 16, 2009, pursuant to 11 U.S.C. § 727(b).  <u>Id.</u>

1   The Plaintiff's argument reflects a fundamental
2   misunderstanding of the relevant law.

3   A discharge in bankruptcy indeed "operates as an injunction
4   against the commencement or continuation of an action, the
5   employment of process, or an act, to collect, recover or offset
6   any . . . debt [subject to such discharge] as a personal
7   liability of the debtor, whether or not discharge of such debt is
8   waived."  11 U.S.C. § 524(a)(2).  By its terms, this statute
9   prohibits positive action by a creditor to collect a discharged
10  debt.

11  In this case, however, the Plaintiff – not the Debtor's
12  creditor or its assignee – is the party who, by seeking
13  rescission under TILA, has taken affirmative action.  See In re
14  Buckles, 189 B.R. 752, 766 (Bankr. D. Minn. 1995).  "By invoking
15  rescission under TILA, a debtor necessarily has to take all the
16  burdens of the remedy with its benefits.  By his voluntary act in
17  doing so, the debtor renders his reciprocal duty of tender into a
18  voluntary payment that is entirely permitted" under 11 U.S.C. §
19  524(f).  Id.

20  Furthermore, controlling Ninth Circuit precedent makes clear
21  that in applying TILA, "'a trial judge ha[s] the discretion to
22  condition rescission on tender by the borrower of the property he
23  had received from the lender.'"  Yamamoto v. Bank of New York,
24  329 F.3d 1167, 1170 (9th Cir. 2003) (citation omitted).  Courts
25  have done so where the "TILA violations were not egregious" and
26  "the equities favored the creditor[.]"  Id.

27  In this case, rescission should be conditioned on repayment
28  of the amounts advanced to the Debtor.  Because the Plaintiff has

-7-

not alleged either that he or the Debtor is able to tender these
amounts, the Plaintiff has not stated a claim for relief.
See Pagtalunan v. Reunion Mortg. Inc., 2009 WL 961995, at *3
(N.D. Cal. April 8, 2009) (dismissing an action for damages under
TILA with leave to amend if the plaintiffs can make specific good
faith allegations that they have offered to restore what was
borrowed).

The Defendants' lien on the property survived the bankruptcy
discharge.  Even though their claim is not enforceable against
the Debtor personally, it is still secured by and enforceable
against the property.  See Dewsnup v. Timm, 502 U.S. 410, 418
(1992).  Hence, in order for the Plaintiff to undo the
transaction between the Debtor and the Defendants, i.e., remove
the Defendants' lien from the property, the borrowed money must
be returned to the Defendants.

The Plaintiff replies that he is "prepared to tender after
determination of the proper amount to tender is known,"  Reply at
14:19-21, but also acknowledges that "the current economic crisis
[has] dramatically . . . impact[ed]" his ability to do so.  Id.
at 14:14-17.  The Plaintiff borrowed $1,000,000.00 on July 1,
2007.  Complaint, Exhibit A.

The court concludes that the Plaintiff's allegation that
either the bankruptcy estate or the Debtor will be able to make
the necessary tender is unlikely.  A review of the statements and
schedules filed in the main case confirm that, excluding this
adversary proceeding, the bankruptcy estate has no significant
assets.  And, eight months after filing bankruptcy, the
statements and schedules also confirm the Debtor is unlikely to

1  have the financial wherewithal to make a tender.

2      Nevertheless, the court will give the Plaintiff leave to

3  amend the Complaint to allege ability and willingness to tender.

4  In making this allegation, its basis in fact should be kept in

5  mind.  See Fed. R. Bankr. P. 9011.

6

7                        III. RFDCPA Claim

8      The RFDCPA protects consumers from certain acts and

9  practices in connection with the collection of a "consumer debt."

10 Cal. Civ. Code § 1788.1.  The term "consumer debt" means "money,

11 property or their equivalent, due or owing or alleged to be due

12 or owing from a natural person by reason of a consumer credit

13 transaction."  Cal. Civ. Code § 1788.2(f).  A "consumer credit

14 transaction," in turn, is a "transaction between a natural person

15 and another person in which property, services or money, is

16 acquired on credit by that natural person from such other person

17 primarily for personal, family, or household purposes."  Cal.

18 Civ. Code § 1788.2(e).

19     As an initial matter, the RFDCPA may be inapplicable to the

20 extent the Plaintiff alleges misconduct related to the

21 Defendants' attempt to foreclose on its loan.  This is so because

22 the act of foreclosing on a residential mortgage loan may not be

23 the collection of a consumer debt within the meaning of the

24 statute.  See Pittman v. Barclays Capital Real Estate, Inc., 2009

25 WL 1108889, at *3 (S.D. Cal. April 24, 2009); Fuentes v. Deutsche

26 Bank, 2009 WL 1971610, at *3 (S.D. Cal. July 8, 2009).  Cf.

27 Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 376 (4th

28 Cir. 2006) (interpreting the RFDCPA's federal analogue to be

-9-

1 applicable to foreclosure of residential mortgage loans).

2      But, even if the RFDCPA is applicable, the Plaintiff has

3 failed to plead sufficient facts showing entitlement to relief.

4 FED. R. CIV. P. 8(a)(2).  The Plaintiff states only that Aurora

5 "repeatedly called Debtor attempting to collect the debt and sent

6 debt collectors to her residence inquiring into the loan."

7 Complaint ¶ 83.  This is insufficient.  See Gorman v. Wolpoff &

8 Abramson, LLP, 370 F.Supp.2d 1005, 1013 (N.D. Cal. 2005)

9 (allegations under the RFDCPA insufficient where plaintiff failed

10 to allege the date or contents of even one debt collection call

11 allegedly made).  Cf. O'Donovan v. CashCall, Inc., 2009 WL

12 1833990 (N.D. Cal. June 24, 2009), at *6.

13      The RFDPCA claim will be dismissed with leave to amend.

14

15                     IV. Unfair Practices Act Claim

16      Business and Professions Code section 17203 permits a court

17 of competent jurisdiction to enjoin "[a]ny person who engages

18 . . . in unfair competition."  "Unfair competition" within the

19 meaning of the Unfair Practices Act includes "any unlawful,

20 unfair or fraudulent business act or practice."  Bus. & Prof.

21 Code. § 17200.  A business practice may be considered unfair if

22 it offends established public policy or is "immoral, unethical,

23 oppressive, unscrupulous or substantially injurious to

24 consumers."  Walker v. Countrywide Home Loans, Inc., 98

25 Cal.App.4th 1158, 1170 (Cal. Ct. App. 2002).

26      The Plaintiff's claims under the Unfair Practices Act are

27 predicated on different theories.  First, the Plaintiff alleges

28 that the Defendants' violation of TILA and the RFDCPA violate the

1 Unfair Practices Act.  Complaint ¶¶ 90, 91.  Because the
2 Plaintiff fails to state a claim for violation of TILA or the
3 RFDCPA, the Plaintiff necessarily fails to state a claim that
4 such violations run afoul of the Unfair Practices Act.

5      Next, the Plaintiff alleges that the Defendants violated the
6 Unfair Practices Act by rejecting the Debtor's rescission request
7 99 days after said demand, and only 10 days before a scheduled
8 foreclosure of the real property serving as security for the loan
9 transaction at issue here.  Complaint ¶¶ 92-97.  The Plaintiff
10 also claims that the Defendants' "systematic approach in which
11 they hire counsel . . . who gives legally evasive responses
12 intended to frustrate and delay the consumer" constitutes unfair
13 competition within the meaning of the Unfair Practices Act.
14 Complaint ¶ 99.

15      These allegations also fail to state a claim for unfair
16 competition.  While the Defendants should have responded to the
17 Debtor's notification of rescission in a more timely fashion,
18 their failure to do so does not rise to the level of immoral or
19 unethical behavior within the meaning of Walker.

20      Further, the court has terminated the automatic stay with
21 respect to Aurora's interest in the real property that served as
22 security for the loan.  See Case No. 09-25700, Docket No. 49.
23 Accordingly, a foreclosure sale of such property is entirely
24 appropriate and lawful.

25      Nevertheless, because this claim for relief is based, at
26 least in part, on alleged violations of TILA and the RFDCPA, and
27 because the Plaintiff will be given leave to amend those claims
28 for relief, he may amend this claim for relief as well.

1       An amended complaint shall be filed and served within 10

2 days of entry of an order.  A responsive pleading shall be filed

3 and served 10 days after service.

4       A separate order will be entered.

5 Dated: 29 Dec. 2009

6                    By the Court

7

8                    _____

9                    Michael S. McManus, Judge
                      United States Bankruptcy Court

## CERTIFICATE OF MAILING

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Donald Scotten
725 S Figueroa St 38th Floor
Los Angeles, CA 90017

Kimberlee Rode
9284 Jackson Rd
Sacramento, CA 95826

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Dated: December 29, 2009

_Susan C. Cox_
Susan C. Cox
Judicial Assistant to Judge McManus